# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 10, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARL MCFEELEY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0911** (Board of Review Appeal No. 2046841)
(Claim No. 2007216179)

**CITY OF HUNTINGTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carl McFeeley, by Cathy Greiner, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Huntington, by Scott Sheets, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 13, 2012, in which the Board affirmed a January 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed and modified the claims administrator's April 28, 2011, decision denying a request to reopen the claim for medical benefits. The Office of Judges modified the decision to reflect that it was an Order denying treatment rather than denying a reopening for treatment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McFeeley, a firefighter, was injured on January 13, 2007, when he was attempting to rescue an elderly woman from a building fire. He testified in his deposition on November 9, 2011, that he entered the building, ran out of oxygen, and had to be rescued. He was taken to the hospital and treated overnight for smoke inhalation. A few weeks after the fire, he began experiencing problems sleeping due to nightmares and flashbacks. He asserted that he developed problems performing his occupational duties and was eventually unable to return to work. He has been placed on temporary total disability for post-traumatic stress disorder through the fire

1

department, not through workers' compensation. In his deposition, Mr. McFeeley also testified that he had never been treated for or diagnosed with a mental illness before the January 13, 2007, incident. The record indicates otherwise.

The claims administrator denied a request to reopen the claim for medical benefits on April 28, 2011. The Office of Judges affirmed the claims administrator's decision and modified it to reflect that it was an Order denying treatment rather than denying a reopening for treatment in its January 11, 2012, Order. The Office of Judges concluded that a reopening request was unnecessary in this case, because the request was for medical treatment. The Office of Judges found that the treatment was requested for post-traumatic stress disorder and depression/bipolar disorder. It determined that these conditions have not been deemed to be compensable components of the claim. In this case, the Office of Judges concluded that neither party introduced any evidence which actually indicates what the compensable diagnoses in the claim are. It was noted that though the reports reflect that Mr. McFeeley received psychiatric services before and after the compensable injury, none of those reports indicate that payment for those services was made in connection with this claim. Accordingly, the Office of Judges held that Mr. McFeeley failed to meet his burden of proof to establish that treatment for post-traumatic stress disorder and depression/bipolar disorder is medically related and reasonably required to treat his compensable injury.

The Board of Review affirmed the Order of the Office of Judges. The Board of Review's reasoning and conclusions are supported by the evidentiary record. Pursuant to West Virginia Code § 23-4-3 (2005), the claims administrator must provide medically related and reasonably required medical treatment, healthcare, or healthcare goods and services. The treatment must be for an injury or disease received in the course of or as a result of employment. West Virginia Code § 23-4-1(a) (2008). It is unclear what the compensable conditions in this claim are. Regardless, there is no evidence that the claim has been held compensable for post-traumatic stress disorder or depression/bipolar disorder. There is also no evidence that treatment for these conditions is necessary to treat a compensable injury in this claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum